UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

CHARLES COLE
*Plaintiff,*

v. CIVIL ACTION NO. 6:26-CV-398

STATE FARM LLOYDS,
*Defendant.*

**PLAINTIFF'SS ORIGINAL COMPLAINT**

Plaintiff, Charles Cole, by and through undersigned counsel, files this Original Complaint against State Farm Lloyds and respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.
2. Plaintiff Charles Cole is an individual residing in Bell County, Texas, and is a citizen of the State of Texas.
3. Defendant State Farm Lloyds is a Lloyds insurance company formed under the laws of the State of Texas. Its underwriters/members are citizens of the State of Illinois. Upon information and belief, Defendant is a citizen of the State of Illinois.
4. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Bell County, Texas, which is located within this District and Division, and the subject property is located in this District.

## PARTIES

5. Plaintiff Charles Cole is  resident of Bell County, Texas, and owns the property that is the subject of this lawsuit.
6. Defendant State Farm Lloyds is an insurance company authorized to conduct business in the State of Texas. Defendant may be served through its registered agent for service of process: Corporation Service Company at 211 E 7th Street, Suite 620, Austin TX 78701.

## FACTS

7. Plaintiff is the named insured under Property Insurance Policy No. 85GU82096 (the "Policy") issued by Defendant, which was in full force and effect on the date of loss.
8. The Policy insured Plaintiff's residential property located at 2008 Longmeadow Road, Harker Heights, TX 76548 (the "Property").
9. The Policy provided coverage for direct physical loss or damage caused by windstorm and hail, among other perils.
10. On or about May 22, 2024, the Property sustained significant covered damage caused by a wind and hailstorm event (the "Loss").
11. Plaintiff timely notified Defendant of the Loss. Defendant assigned Claim No. 43-69B7-37Q.
12. On or about June 25, 2024, Defendant inspected the Property.
13. Defendant completed its adjustment of the claim and issued payments of approximately $23,133.94 after application of depreciation, deductible, and prior claim adjustments.
14. On or about April 22, 2026, Plaintiff, through counsel, submitted additional documentation and an independent estimate prepared by Blackjack Estimating & Inspection Services, LLC reflecting a total repair cost of approximately $61,795.03.

15. Despite Plaintiff's supporting documentation, Defendant has failed and refused to pay the full amount owed under the Policy for the covered damages, including all recoverable depreciation and additional covered items.

16. Defendant's adjustment of the claim was unreasonable, result-oriented, and failed to include all covered damage. As a direct result of Defendant's failure to pay the covered Loss, Plaintiff has been unable to complete repairs, causing additional damage to the Property.

## CAUSES OF ACTION

**Count 1 – Breach of Contract**

17. Plaintiff incorporates all preceding paragraphs.

18. The Policy is a valid and enforceable contract. Defendant breached the Policy by failing to pay for covered losses. This breach proximately caused Plaintiff damages.

**Count 2 – Violations of Texas Insurance Code – Unfair Settlement Practices**

19. Plaintiff incorporates all preceding paragraphs.

20. Defendant violated Tex. Ins. Code § 541.060(a) by:

    a. Knowingly misrepresenting material facts relating to coverage (§ 541.060(a)(1));

    b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement when liability was reasonably clear (§ 541.060(a)(2)); and

    c. Refusing to fully pay the claim without conducting a reasonable investigation (§ 541.060(a)(7)).

21. These violations were committed knowingly and are a producing cause of Plaintiff's damages. Plaintiff seeks actual damages, additional damages, attorney's fees, and costs pursuant to Tex. Ins. Code § 541.152.

**Count 3 – Violations of Texas Insurance Code – Prompt Payment of Claims**

22. Plaintiff incorporates all preceding paragraphs.

23. Defendant failed to comply with the deadlines and requirements for timely investigating, accepting, and paying the claim, entitling Plaintiff to statutory interest, attorney's fees, and all other relief available under Tex. Ins. Code § 542.060.

**Count 4 – Breach of the Duty of Good Faith and Fair Dealing**

24. Plaintiff incorporates all preceding paragraphs.

25. Defendant breached its common-law duty of good faith and fair dealing owed to Plaintiff. This breach was the proximate cause of Plaintiff's damages. Plaintiff further seeks exemplary damages due to Defendant's malicious and/or grossly negligent conduct.

## DAMAGES

26. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages including:

- The full amount of covered damages under the Policy;
- Additional property damage caused by delay;
- Attorney's fees and costs; and
- Pre- and post-judgment interest.

27. Plaintiff seeks exemplary damages for Defendant's malicious, fraudulent, or grossly negligent conduct.

## JURY DEMAND

28. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon final trial, Plaintiff recover judgment against Defendant for actual damages according to proof, additional and/or exemplary damages,

reasonable and necessary attorney's fees through trial and appeal, pre- and post-judgment interest at the maximum legal rate, Court costs, and such other and further relief to which Plaintiff may be entitled at law or in equity.

Dated June 23, 2026.

Respectfully submitted,

**VG Law Group, LLP**

*/s/Omar Giraldo*
Omar Giraldo
Bar No.: 92402
ogiraldo@vg.law
croa@vg.law
property@vg.law
8751 W. Broward Blvd. Suite 200
Plantation, FL 33324
Telephone: (832) 626-5551
Fax: (713) 322-5953
COUNSEL FOR PLAINTIFF